UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADALBERTO SOLIS,<br><br>        Plaintiff,<br><br>        v.<br><br>FRESNO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00048-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S FOURTEENTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST OFFICER PORTILLO AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Adalberto Solis ("Plaintiff") is a pre-trial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on January 10, 2020. (ECF No. 1). On April 14, 2020, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 7). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint, which the Court will screen in due course; or b. Notify the Court in writing that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order." (Id. at 7).

After being granted two extensions of time (ECF Nos. 9 & 11), Plaintiff filed his First Amended Complaint (ECF No. 12). Plaintiff's First Amended Complaint is now before this

Court for screening. For the reasons that follow, the Court will recommend that this case proceed on Plaintiff's Fourteenth Amendment failure to protect claim against Officer Portillo and that all other claims and defendants be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows:

Plaintiff is a pre-trial detainee in the custody of Fresno County Sheriff's Department. The violation occurred at the Jail Detention Center in Fresno, California.

As of January 9, 2019, Plaintiff had been in the custody of the Fresno County Sheriff's Department, awaiting adjudication of criminal charges.

On July 29, 2019, at or about 1:00 in the afternoon, Plaintiff was returning to his housing unit from a visit in the NJ Fourth Floor. Plaintiff was confronted by a group of inmates. Plaintiff was told they had confirmation that he was an informant, and to "get [his] shit and roll out or 'I'd set maxed out!'"

Plaintiff proceeded to his bunk area, packed his belongings quickly, and approached the front of the pod. Plaintiff saw Officer Portillo and Officer Senell. Plaintiff got their attention and at the same time depressed the emergency/call button. Officer Portillo made various hand gestures to Plaintiff, asking him if he was going home. Once Plaintiff told Officer Portillo that he needed to roll-out, he began to make a hand gesture to his neck area, indicating that Plaintiff was cut-off.

Plaintiff remained at the front of the pod while depressing the emergency/call button, trying to get the security tower officer's attention. Plaintiff then saw Officer Portillo enter the security tower and release the officer in the tower of his position, leaving the prior officer standing by while Officer Portillo neglected his official duty.

Officer Portillo then addressed Plaintiff through the intercom, stating that Plaintiff "was not going anywhere, that there was only one way to leave his housing units." Plaintiff continued to depress the emergency/call button and informed Officer Portillo that he was not safe in the pod, and asked him to call a corporal or a sergeant. Officer Portillo continued to make the cut-off gesture to his neck area, indicating that Plaintiff was cut-off from help. Plaintiff also observed Officer Cuevas, who was diverted to another direction by Officer Senell.

Soon after Plaintiff was jumped and beaten by numerous inmates. Plaintiff was then escorted by Officer Cuevas to the fourth-floor infirmary, where Officer Portillo followed soon after. Officer Portillo approached Plaintiff and laughed in his face, saying "what a [b]itch."

Following the incident Plaintiff was taken to Main Jail Second Floor Medical, then to Community Regional Medical Center. Plaintiff was told he sustained a severe broken nose and an orbital floor fracture in his right eye, along with various sprains and bruises throughout his body. Plaintiff continues to suffer from ongoing back pain. Plaintiff has also visited mental health numerous times since the incident due to increased depression and anxiety, among other ongoing issues.

### III.  EVALUATION OF PLAINTIFF'S CLAIMS

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

4

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Failure to Protect

The Ninth Circuit has set forth the following guidance regarding claims for failure to protect by pretrial detainees under the Fourteenth Amendment:

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[] on the facts and circumstances of

each particular case.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (alteration in original) (footnote, citation, and internal quotation marks omitted).[1]

"Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (alteration in original) (citations and internal quotation marks omitted).

Plaintiff alleges that he was threatened by inmates, who told him to "roll out."  Plaintiff packed his belongings and pressed the emergency/call button.  Plaintiff told Officer Portillo that he needed to leave, but Officer Portillo cut him off.  Plaintiff continued to press the button.  Instead of helping Plaintiff or investigating the issue, Officer Portillo entered the security tower and released the officer (whom Plaintiff was trying to contact) from his position.  Officer Portillo then addressed Plaintiff through the intercom, telling Plaintiff he was not going anywhere.  Plaintiff informed Officer Portillo that he was not safe in the pod, but Officer Portillo did nothing to help.  Soon after Plaintiff has attacked by numerous inmates.  After the attack, Officer Portillo laughed at and insulted Plaintiff.  Based on the allegations in the complaint, the Court finds that Plaintiff's Fourteenth Amendment failure to protect claim against Officer Portillo should proceed past screening.

However, Plaintiff fails to state a claim against any other individual defendant.  Plaintiff does not allege that he told anyone else that he was threatened, or allege any facts suggesting

---

[1] As Plaintiff has alleged he is a pre-trial detainee, the Fourteenth Amendment applies, not the Eighth Amendment.  Castro, 833 F.3d at 1067-68.

that a reasonable officer would have known that Plaintiff was at risk.

Plaintiff also fails to sufficiently allege that, in failing to protect Plaintiff, Officer Portillo was acting pursuant to official municipal policy.  Thus, Plaintiff has failed to state a claim against Fresno County Sheriff's Department.

### C. Equal Protection Clause

The equal protection clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

It is not clear if Plaintiff is attempting to assert an equal protection claim.  To the extent that he is, Plaintiff fails to state a claim because he has not alleged that he is a member of a protected class or that he was intentionally treated differently from similarly situated individuals.

### IV.   CONCLUSION AND RECOMMENDATIONS

The Court has screened the First Amended Complaint and finds that Plaintiff's Fourteenth Amendment failure to protect claim against Officer Portillo should proceed past screening.  The Court also finds that all other claims and defendants should be dismissed.

The Court previously explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his

complaint. As Plaintiff filed his First Amended Complaint with the benefit of the information provided by the Court, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's Fourteenth Amendment failure to protect claim against Officer Portillo; and
2. All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **September 22, 2020**          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE